UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BONNET SHORES BEACH CLUB CONDOMINIUM ASSOCIATION, INC., Plaintiff, | CA 07 461 ML |
| v. | Civil Action No. |
| HEATH MANAGEMENT COMPANY, INC., Defendant. | |

**VERIFIED COMPLAINT FOR**
**DECLARATORY JUDGMENT, DAMAGES, AND INJUCTIVE RELIEF**

This action is for declaratory judgment, damages and injunctive relief growing out of Defendant Heath Management Company, Inc.'s ("Heath") intentional, unlawful conversion of and trespass upon certain common elements at the Bonnet Shores Beach Club. Plaintiff Bonnet Shores Beach Club Condominium Association, Inc. (the "Association") consequently states and alleges as follows:

**PARTIES**

1. The Association is a Rhode Island corporation, with its principal place of business in Narragansett, Rhode Island. The Association is the legal representative of all existing unit owners (who are all voting members of the Association) at the Bonnet Shores Beach Club Condominium, located at 175 Bonnet Point Road, Narragansett, Rhode Island, with regard to all common elements thereof.

2. Heath is a Massachusetts corporation, with its principal place of business in Boston, Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as Heath has sufficient contacts with Rhode Island to subject it to personal jurisdiction in this Court, and the amount in controversy is sufficient to invoke this Court's diversity jurisdiction.

4. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(a).

**FACTUAL BACKGROUND**

5. On January 26, 1988, Seaside Realty Trust ("Seaside"), a Massachusetts Nominee Trust, which owned the Bonnet Shores Beach Club in fee simple, converted the Beach Club property to a condominium form of ownership pursuant to the Rhode Island Condominium Act, R.I.G.L. §§ 34-36.1-1.01 *et seq*. (the "Act").

6. The Declaration of Condominium of Bonnet Shores Beach Club Condominium (the "Declaration") dated January 26, 1988 is recorded in the Town of Narragansett Land Evidence Records at Book 215, Pages 169-319 and Town Clerk Condo Book 2, Pages 31-37, and is incorporated by reference herein.

7. Article XX of the Declaration and subsequent amendments thereto reserve certain rights to Seaside as the declarant, which include the right, *inter alia*, to add real estate, declare units, and to convert units to common areas. See Declaration at § 20.6.

8. The declarant did not reserve for itself the right to convert common elements to units unilaterally. The absence of this reservation is consistent with the Act, which similarly does not authorize a declarant's right to convert common areas to units.

See R.I.G.L. § 34-36-1.03(11).

9. The Declaration established four development phases, denominated Phases I, II, III and IV. See Declaration, Exhibit A-1. The Fifth Amendment to the Declaration, dated June 8, 1988, recorded in the Town of Narragansett Land Evidence Records at Book 221, Pages 853-860, and incorporated herein by reference, later combined Phases II and III into a single Phase II.

10. Unless otherwise authorized by the Act, any amendment to the Declaration requires the approval of 67% of the unit owners. See Declaration at § 7.1; R.I.G.L. § 34-36.1-2.17(a). However, no amendment may create or increase declarant rights without unanimous consent of the unit owners. R.I.G.L. § 34-36.1-2.17(d).

11. Rhode Island Coastal Resources Management Council Assent No. 88-4-18 issued in 1988 limits the maximum number of units at Bonnet Shores Beach Club to 1069; of that number, 930 units have been declared and constructed (exclusive of those alleged "units" that are the subject of this Complaint).

12. Under the Declaration, development rights and other special declarant rights reserved in the Declaration must be exercised within twenty years of the date of the Declaration, which is January 26, 2008. See Declaration at § 20.6. Unexercised rights that expire become the property of the Association upon the date of expiration. R.I. Gen. Laws § 34-36.1-2.10(e).

13. The Declaration defines common elements, *inter alia*, as: "the portions of the Condominium Property which are not included in units [and] . . . [a]ny other part of the Condominium Property designated as Common Element." See Declaration at § 2.5. In turn, "[r]eferences to Common Elements shall also include all Limited Common Elements .

. . . ." See id. at § 2.14.

14. As part of the combined Phase II, the declarant established certain common elements, including a storage room and office. See Fifth Amendment, Ex. BB.

15. In June 1997, Heath succeeded Seaside as the declarant of the Bonnet Shores Beach Club.

16. Amendments to the Declaration subsequently executed by Heath, whereby Heath declared new units, confirm that the office and storage room are common elements. Specifically, drawings that Heath prepared and filed in concert with the Thirtieth Amendment to the Declaration, recorded in the Narragansett Town Clerk Condo Book 4, Pages 23-24 (Drawings B-33A and B-35), and with the Thirtieth-First Amendment to the Declaration, recorded in the Narragansett Town Clerk Condo Book 4, Page 48 (Drawing B-38), all of which are incorporated by reference herein, depict the office and a room that corresponds to the location of the storage room directly next to the office with a white background, which distinguishes these rooms from those areas marked as "previously dedicated," which appear in gray, and those areas marked as "subject to development rights," which are identified by cross-hatching.

17. Heath previously attempted to convert the office, a common element, into a unit. As part of that effort, Heath filed an action to evict BSBC from the office, on the basis that Heath, as successor declarant, had the right to convert that common element into a unit. See Heath Management Co. v. Bonnett Shores, Inc., 764 A.2d 193 (R.I. 2000) (attached hereto as Exhibit A and incorporated by reference herein).

18. The Rhode Island Supreme Court ruled that Heath could not unilaterally convert a common element into a unit, holding:

> [W]e agree with the trial justice that [Heath] can not arbitrarily reclaim and develop common elements without following required procedures. Such procedures include Article VII, § 7.1(d)(vii)(j) of the declaration, which requires the consent of fifty-one percent (51%) of all eligible unit mortgage holders before a common area may be converted into units. In addition, G.L. 1956 § 34-36.1-3.12 of the "Rhode Island Condominium Act" requires approval of eighty percent (80%) of non-declarant owners in order to convey common elements. [Heath] never took these steps nor made any other efforts to convert, nor reserved its right to convert the office space into a condominium unit.

Id. at 194.

19. In or about October and early November 2007, Heath installed 136 lockers in the room that historically served as a storage room next to the office as Heath's sales office. Heath never sought and did not have the Association's permission for this installation. True and accurate copies of three photographs of this installation are attached hereto as Exhibit B and incorporated by reference herein.

20. In blatant disregard of the ruling from the Rhode Island Supreme Court in the 2000 decision quoted above, Heath recorded a Thirty-Second Amendment to the Declaration on November 7, 2007 in the Town of Narragansett Land Evidence Records at Book 691, Pages 819-826, which is incorporated by reference herein, wherein Heath declared the 136 lockers installed in the storage room as so-called "Tray Units," thereby attempting to convert a portion of that common element into units without the requisite approvals that the Declaration and Act requires.

21. Heath's Thirty-Second Amendment also attempts to establish a fifth development phase, called "Phase 'A'", without the requisite approvals under, and at variance with, the Declaration and Act.

22. Section 4 of Heath's Thirty-Second Amendment also reserved to Heath the ability to convert "automatically" the "Tray Units" to bathhouses or cabanas, a right not found in the Declaration or Act.

23. A letter that Christopher A. Duhamel of DiPrete Engineering Associates, Inc. executed is part of the Thirty-Second Amendment, and ambiguously states that "This letter is to inform you that *to the best of my knowledge and belief*, the Locker/'Tray' units for Bonnet Shores Beach Club have been completed in accordance with the provided plans." (Emphasis added). That certificate does not satisfy the statutory requirements for a certificate of substantial completion that the Act requires for the declaration of units, and the drawings attached to the Thirty-Second Amendment do not comply with the statutory requirements.

**COUNT I**
**Declaratory Judgment**

24. The Association restates and incorporates the allegations contained in Paragraphs 1 through 23 as if fully stated herein.

25. This action involves an actual controversy, as the Declaratory Judgment Act defines that term.

26. This Court should declare that:

(a) the Thirty-Second Amendment to the Declaration unlawfully seeks to convert common elements to units, and as a result, is null and void;

(b) Heath may not convert, automatically or otherwise, the so-called "Tray Units" to bathhouses and cabanas; and

(c) Heath's declaration of the 136 so-called "Tray Units" is defective and invalid, in that Heath did not have the requisite approvals for the Thirty-Second Amendment or declaration of "Tray Units" and failed to produce a satisfactory certificate of substantial completion in support of its declaration.

## COUNT II
## Conversion

27. The Association restates and incorporates the allegations contained in Paragraphs 1 through 26 as if fully stated herein.

28. By executing and recording the Thirty-Second Amendment, Heath has unlawfully converted common elements of the Condominium (which are owned in common by all existing unit owners) with the intent to deny such unit owners the use of said property permanently.

29. The Association and the existing unit owners have suffered and continue to suffer damages as a result of Heath's conversion of such common elements.

## COUNT III
## Trespass

30. The Association restates and incorporates the allegations contained in Paragraphs 1 through 29 as if fully stated herein.

31. By executing and recording the Thirty-Second Amendment and installing 136 lockers in the storage room, Heath has trespassed upon property of the existing unit owners (i.e., the storage room which is a common element) with the intent to interfere with the use and possession of the storage room by the existing unit owners.

32. The Association and the existing unit owners have suffered and continue to suffer damages as a result of Heath's trespass.

**COUNT IV**
**Slander of Title**

33. The Association restates and incorporates the allegations contained in Paragraphs 1 through 32 as if fully stated herein.

34. Heath has maliciously uttered false statements about the ownership of the storage room in that Heath executed and recorded the Thirty-Second Amendment (with full knowledge that the Thirty-Second Amendment is unlawful and invalid) which seeks to convert common elements to units without the necessary approvals under the Declaration and the Act.

35. The Association and the existing unit owners have suffered and continue to suffer both "per se" and actual damages as a result of Heath's maliciously uttered false statements.

**COUNT V**
**Injunctive Relief**

36. The Association restates and incorporates the allegations contained in Paragraphs 1 through 35 as if fully stated herein.

37. The Association is likely to succeed on the merits of this action.

38. The Association will be irreparably harmed if injunctive relief is not granted.

39. The Association does not have an adequate remedy at law.

40. The balance of the equities favors the Association.

**WHEREFORE**, the Association prays for Judgment as follows:

1. For a declaration that:

(a) the Thirty-Second Amendment to the Declaration unlawfully seeks to convert common elements to units, and as a result, is null and void;

(b) Heath may not convert, automatically or otherwise, the so-called "Tray Units" to bathhouses and cabanas; and

(c) Heath's declaration of the 136 so-called "Tray Units" is defective and invalid, in that Heath did not have the requisite approvals for the Thirty-Second Amendment or declaration of "Tray Units" and failed to produce a satisfactory certificate of substantial completion in support of its declaration..

2. For a temporary restraining order and preliminary and permanent injunction:

(a) prohibiting Heath from selling, transferring or in anyway alienating any interest in any of the 136 "Tray Units" that the Thirty-Second Amendment allegedly declares;

(b) prohibiting Heath from converting any of the 136 "Tray Units" that the Thirty-Second Amendment allegedly declares into cabanas, bathhouses, or any other form of property; and

(c) ordering Heath to remove the 136 lockers that Heath installed in the storage room and return that room to its condition previous to Heath's installation.

3. For actual, consequential and compensatory damages;

4. For punitive damages;

5. For costs, interest and attorney's fees; and

6. For such other relief as this Court deems appropriate.

BONNET SHORES BEACH CLUB
CONDOMINIUM ASSOCIATION, INC.

By its Attorneys,

Richard A. Sherman (#1190)
Armando E. Batastini (#6106)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## VERIFICATION

I, John A. Coletti, being duly sworn, depose and state that I am the President of Bonnet Shores Beach Club Condominium Association, Inc. and that I have read the foregoing complaint and state that the matters contained herein are true and accurate to the best of my personal knowledge, except to matters stated upon information and belief, and I believe those matters to be true.

Subscribed and sworn to, before me, this 13th day of December 2007.

Notary Public
My Commission Expires: 7/17/09



PRV 923565.3