Heath Financial Management Co. v. Bonnet Shores Inc.
R.I. 2000.

Supreme Court of Rhode Island.
HEATH FINANCIAL MANAGEMENT CO.
v.
BONNET SHORES INC.
**No. 99-185-Appeal.**

Dec. 1, 2000.

***193** John B. Webster, Providence.
William Landry, Providence.

**ORDER**

This case came before the Supreme Court on November 14, 2000, pursuant to an order directing the plaintiff to appear and show cause why the issue raised in this appeal should not be summarily decided. The plaintiff, Heath Financial Management Company (plaintiff or Heath), is appealing the trial justice's denial of its commercial eviction action in favor of defendant, Bonnet Shores Inc. (defendant or Association). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore the case will be decided at this time.

The plaintiff is the owner of development rights at Bonnet Shores Beach Club Condominium (Bonnet Shores) in Narragansett, Rhode Island, having acquired these rights upon the default of the developer. The defendant is the association of condominium unit owners at Bonnet Shores. The plaintiff filed suit in District Court seeking to evict the defendant from the designated office space. Health alleged that defendant has been occupying a certain portion of its property as an office, and plaintiff desires to convert this common element for sale as a unit. Despite due demand, defendant refused to vacate the office space. Heath asserted that defendant has no claim of right or entitlement to the office space, and therefore its refusal to vacate was wrong. A judgment in favor of Heath was entered in District Court and defendant appealed to Superior Court. On August 25, 1998, a nonjury trial was held and on December 15, 1998, the trial justice issued a bench decision in favor of the Association. The plaintiff appealed.

The sole issue presented to this Court is whether the trial justice erred in finding that plaintiff had not reserved the right to declare the office space, a common element for development purposes. The plaintiff argued that its power to convert common elements, such as the office, was set forth in the Public Offering Statement (Statement), which states:
"The Declarant has reserved the right to add additional phases to the Condominium, to withdraw real estate from the Condominium and to add additional units, to convert common elements to units, to convert units to common elements."

The defendant, relying on the Rhode Island Condominium Act G.L.1956 (1995 Reenactment) § 34-36.1-1.01, *et seq.* (Condominium Act) and various condominium documents, argued that the Statement is superseded by the Declaration of Condominium (Declaration), and thus, plaintiff never amended the Declaration to reserve its right to covert common elements, like the office, to units.

The language contained in the Declaration supersedes any of the statements contained in the Public Offering Statement. Although the " Narrative of Public Offering Statement" contains language stating that ***194** the declarant has reserved the right to convert common elements to units, the Declaration itself contains no such language. We are satisfied that the absence of this or similar language in the Declaration itself precludes plaintiff from asserting such a right

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

without a properly approved amendment to the Declaration.

In addition, we agree with the trial justice that plaintiff can not arbitrarily reclaim and develop common elements without following required procedures. Such procedures include Article VII, § 7.1(d)(vii)(j) of the Declaration, which requires the consent of fifty-one percent (51%) of all eligible unit mortgage holders before a common area may be converted into units. In addition, G.L.1956 § 34-36.1-3.12 of the "Rhode Island Condominium Act" requires approval of eighty percent (80%) of non-declarant unit owners in order to convey common elements.[FN1] The plaintiff never took these steps nor made any other efforts to convert, nor reserved its right to convert the office space into a condominium unit.

FN1. General Laws § 34-36.1-3.12, " Conveyance or encumbrance of common elements," state in pertinent part:
"(a) Portions of the common elements may be conveyed * * * by the association if persons entitled to cast at least eighty percent (80%) of the votes in the association, including eighty percent (80%) of the votes allocated to units not owned by a declarant, or any larger percentage the declaration specifies, agree to that action * * *. The declaration may specify a smaller percentage only if all of the units are restricted exclusively to nonresidential uses * * *."

We note that the office has consistently been identified as such in every declaration, plat, and plan. Moreover, plaintiff has failed to acquire the requisite statutory and stated Declaration approval from unit owners. Therefore, we conclude that the trial justice was correct in finding that plaintiff's predecessor failed to reserve its right to convert the office common element to a unit, and, in lieu of this reservation, failed to acquire the requisite approval from the unit owners.

The plaintiff's appeal is accordingly denied and dismissed. The judgment of the Superior Court is affirmed, and we return the papers in the case.

R.I. 2000.
Heath Fiancial Management Co. v. Bonnet Shores Inc.
764 A.2d 193

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.